J-S14035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ELIJAH WASHINGTON | |
| Appellant | No. 1513  EDA 2017 |

Appeal from the Judgment of Sentence April 27, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003688-2014

BEFORE:  OTT, J., MCLAUGHLIN, J., and RANSOM, J.*

JUDGMENT ORDER BY RANSOM, J.:                **FILED APRIL 19, 2018**

Appellant, Elijah Washington, appeals from the judgment of sentence of twelve to thirty-six years of incarceration, imposed April 27, 2017, following an open guilty plea to three counts of aggravated assault, four counts of robbery and burglary, and one count of criminal conspiracy.[1]  We affirm.

We adopt the following statement of facts from the trial court opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 8/8/17, at 1-3.  In March 2013, Appellant, Tyree Johnson, and Malcolm Murray forced their way at gunpoint into the home of a Temple student.  Once inside, they duct-taped the student and her three roommates, threatened to kill them if they moved or screamed, and proceeded to rob the apartment of laptops,

---

[1]  18 Pa.C.S. §§ 2702(a)(1), 3701(a)(1)(ii), 3502(a)(1), and 903, respectively.

* Senior Judge assigned to the Superior Court.

debit cards, cell phones, and keys. Appellant's DNA was found on a cigarette butt on the kitchen counter; Malcolm Murray later identified Appellant as a participant; and two of the girls identified Appellant in photo arrays. Appellant fled the state and was extradited from Georgia approximately one year after the incident.

Appellant pleaded guilty to the above charges, and sentencing was deferred for the preparation of a pre-sentence investigation report and mental health evaluation. On April 27, 2015, the court sentenced Appellant to an aggregate term of twelve to thirty-six years of incarceration. Appellant timely filed a motion for reconsideration of sentence, requesting that (1) Appellant be transferred to SCI-Graterford's Mental Health Unit for treatment and (2) that the court reduce his sentence. See Mot. for Recons., 5/4/15, at ¶¶ 1-8. The court denied the motion in part but recommended that Appellant be permitted to serve his sentence in the mental health unit.

Appellant did not file a direct appeal, but in September 2015, *pro se* filed a timely petition seeking relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed an amended petition on Appellant's behalf. Following an evidentiary hearing, the court reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single claim for our review:

> Whether the [t]rial [c]ourt abused its discretion in denying the Appellant's [m]otion for [r]econsideration of [s]entence.

*See* Appellant's Brief at 8.

Appellant's sole issue is a challenge to the discretionary aspects of his sentence, which must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal and filed a motion for reconsideration of his sentence. In the motion, Appellant requested that the court send him to a mental health unit for treatment and to reduce his sentence. *See* Mot. For Recons., 5/14/15, at ¶¶ 1-8. Nowhere in his motion did he aver that the court failed to give meaningful consideration to his rehabilitative needs or that it failed to fully assess compelling indicators that Appellant was capable of rehabilitation in an adequate setting. *Id.*; *see also* Appellant's Brief at 12-13. Accordingly, Appellant has not preserved his issue for purposes of appeal. *See Leatherby*, 116 A.3d at 83.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/18